(No. 2771—

Myrtle Phillips, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed August 21, 1940.*

Charles G. Seidel, for claimant.

John E. Cassidy, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

For more than six years continuously prior to December 21, 1934, claimant was in the employ of respondent as an attendant at Elgin State Hospital, Elgin, Illinois. On the last mentioned date, while in the course of her employment and in the performance of her duties, she slipped on a wet floor and sustained a wedge-shaped fracture of the right leg at the junction of the middle and lower third of the tibia. She was immediately removed to the institution hospital and remained there under the care of the physicians on the staff of such hospital until September 14, 1935. Callus formation was very slow in developing, and claimant was given vitamins, calcium, other medication, and physiotherapy to aid new bone formation, and repeated X-ray examinations were made. She was sent to the Illinois Research Hospital on five occasions for consultation and advice as to further treatment. Her condition gradually improved and an examination of the injured leg on November 5th, 1935 by Dr. George A. Wiltraikis of the Elgin State Hospital revealed a good union, but also showed some lateral angulation and some persistent edema of the right ankle.

Claimant returned to her regular work as an attendant on November 7th, 1935 and performed all of the duties of her employment regularly thereafter, being still engaged in the same employment at the time of the hearing herein on July 27th, 1937. Although there is testimony that the injured leg still bothers her some, yet there is no testimony in the record which will sustain an award for partial permanent disability.

Claimant seeks an award for temporary total disability from the date of her injury to the date she returned to her duties as aforesaid; for the amount expended by her for certain medication, and for the expenses incurred by her in connection with the five visits to the Illinois Research Hospital at Chicago. However, there is nothing in the record to indicate the amount of the last mentioned expense, and consequently no allowance can be made therefor.

Upon a consideration of all of the facts in the record, we find as follows:

1. That on December 21, 1934 claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State.

2. That on said date claimant sustained an accidental injury which arose out of and in the course of her employment.

3. That notice of the accident was given to said respondent and claim for compensation on account thereof was made within the time required by the provisions of such Act.

4. That claimant's annual earnings during the year next preceding the injury were $936.00, and her average weekly wages were $18.00.

5. That claimant at the time of the injury was forty-seven years of age, was married, and had no children under the age of sixteen years at the time of her injury.

6. That all necessary first aid, medical, surgical and hospital services have been provided by the respondent except for certain cod liver oil tablets and a plaster cast which were provided by the claimant at a cost of $6.00.

7. That claimant was temporarily totally disabled from December 21, 1934 to November 7, 1935.

8. That the sum of $72.00 has been paid the claimant to apply on the compensation due her.

9. That claimant is entitled to have and receive from respondent the sum of $9.00 per week for 45 5/7 weeks, that being the period of temporary total incapacity as aforesaid, together with $6.00 to reimburse her for the amount paid for cod liver oil tablets and plaster cast as aforesaid, in all, the sum of $417.43, less the sum of $72.00 heretofore paid to her as above set forth; making a net amount due claimant of $345.43; which amount is payable in weekly payments of $9.00 per week commencing December 22, 1934.

The total amount of compensation payable as above has accrued at this time, and claimant is therefore entitled to the payment thereof in a lump sum.

Award is therefore entered in favor of the claimant for the sum of Three Hundred Forty-five Dollars and Forty-three Cents ($345.43).

This award, being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," (Illinois Revised Statutes, 1939, Bar Assn. Ed., Chap. 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies Until the Expiration of the First Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly," approved July

1, 1939 (Session Laws 1939, page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Fund in the manner provided by the foregoing Acts.